GOVEY GARRISON, ET AL., *v.* VIRGIL GARRISON, ET AL.

**Wills—Land Description.**

Where by will a farm is devised and described as situated on the Ohio river at the mouth of Cave Run in Jefferson County, Kentucky, and the testator after the execution of the will acquired additional land adjoining, which at the testator's death constituted a part of his farm situated at the mouth of Cave Run, it passed under such devise to the devisee.

**Lapsed Legacy.**

When by will the testator devised a described lot to a named person and by the same clause of the will bequeathed $4,000 to the same person, to be used in the erection of a business house on the lot, and after the execution of the will the testator sold and conveyed said lot, it is held that the devisee is entitled to receive the $4,000 legacy, notwithstanding he will not take the lot.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 26, 1878.

OPINION BY JUDGE ELLIOTT:

Matthew Garrison died in the city of Louisville in 1863, after having made his last will and testament, which was admitted to probate shortly after his death in the Jefferson County Court.

By his last will he devised and bequeathed to Charity and Sarah Ann, two of his slaves, and the four children of Sarah Ann not only their freedom but all his real and personal estate. He made several specific devises and bequests to different ones of the children of Charity and Sarah Ann. He devised to Mary, the daughter of Charity, his house and lot on the east side of Second street and between Main and Market streets, and the same on which he then and had resided for several years.

The 6th clause of his will is as follows: "I give and bequeath to the above Andrew, Leslie, Govey, William and Lucy Jane my farm, its improvements and appurtenances on the Ohio river at the mouth of Cave Run in Jefferson county, Kentucky, which is the same purchased of Robert J. Ward and others." And by the 4th clause of his will he devised to Virgil, the son of Charity, "The house and lot I own on the west side of 6th Cross street in the city of Louisville." By the 8th clause of his will he says, "I appropriate out of my estate not herein specifically disposed of the sum of four thousand dollars, to be used in erecting and furnishing a business house on the lot of Sixth Cross street hereinbefore devised to the above named Virgil, and the like sum to be used in erecting and furnishing a business house on the lot on Second Cross street, hereinbefore devised to the above named Mary."

After making his will he acquired two additional tracts of land adjoining the farm that he had devised to Andrew, Leslie, etc., the children of his negro slave, Sarah Ann, and it is contended by appellants that this after acquired land passed to them by the 6th clause of the testator's will. By Sec. 16, Chap. 113, General Statutes, it is provided that "a will shall be construed with reference to real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will."

The farm devised to appellants is described as "situated on the Ohio river at the mouth of Cave Run in Jefferson county, Kentucky,

and is the same purchased of Robert J. Ward and others; and therefore as the after acquired land adjoined and constituted at testator's death a part of the farm situated at the mouth of Cave Run, purchased of Robert J. Ward and others, it would have passed under the 6th clause of the will if it had been made immediately before the testator's death, and as the same effect has to be given to the devise as if made immediately prior to the death of the testator, we are of opinion that appellants are entitled to the two after acquired tracts, by virtue of the 6th clause of the testator's will.

But we are of opinion that the after acquired lot which adjoined the one devised to Mary did not pass to her by virtue of the devise in the 5th clause of the will. The two lots are distinct, with distinct improvements on each, and would not have passed under the description in the devise to Mary had the same been made immediately before the testator's death; nor would the after acquired lot have passed by a deed which only conveyed the house and lot on which Matthew Garrison resided at the making thereof had he owned both when he made the deed.

After the execution of the will in 1856 the testator sold the lot on Sixth street that he had devised to the colored boy, Virgil, and as the devise lapsed in consequence it is contended and so decided by the court below that the $4,000 bequeathed to Virgil to be used in the erection of a business house on the lot on Sixth street devised to him lapsed also, and that the sale of the lot resulted in the ademption of both the devise and the legacy. In this opinion we cannot concur.

The appropriation, as the testator calls it, is absolute and unconditional, and therefore the right to the money does not depend upon whether the fund appropriated is used in the erection of the house on the lot on Sixth street devised to Virgil or not. The testator merely states how he wished the bequeathed money used, but does not say unless it is so used the bequest shall not take effect. If the construction of the lower court is correct, Virgil would not be entitled to the $4,000, if it had turned out after the testator's death that he had no title to the Sixth street property. The testator made an absolute bequest of the $4,000, and Virgil could, after his death and when of age, have elected to take the money instead of having it vested in the house indicated by the testator's will.

We think the court correctly decided what each of the devisees and legatees take under the residuary clause in the will, but for the errors indicated the judgment is *reversed* on the original appeal and

also on the cross appeal of Virgil Garrison, but is *affirmed* on cross appeal of Mary and Nelson Neal.

*James S. Pirtle, for appellants.    Buford & Twyman, for appellees.*